**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROY JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-213** |
| **MR. JEFFERY E. TRAVIS, WARDEN, R.C.C.** | **SECTION "I" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Roy Johnson, a state prisoner, filed this *pro se* and *in forma pauperis* civil action

pursuant to 42 U.S.C. § 1983 against Warden Jeffery E. Travis of the Rayburn Correctional Center

in Angie, Louisiana.  In this lawsuit, plaintiff challenges an order that he pay restitution in the

amount of $12,391.51.

Defendant filed a motion to dismiss on the grounds that plaintiff failed to exhaust his

administrative remedies.[1]  In support of that motion, defendant made numerous factual allegations

concerning the exhaustion issue; however, there was no evidence in the record to support those

allegations.  Accordingly, the Court notified the parties that the motion would be treated as a motion

for summary judgment and ordered that defendant supplement his motion to provide evidentiary

support for his factual allegations.[2]  Defendant has complied with that order.[3]  Plaintiff has opposed

defendant's motion.[4]

---

[1]    Rec. Doc. 7.

[2]    Rec. Doc. 8.

[3]    Rec. Doc. 9.

[4]    Rec. Docs. 10, 11, and 12.

Summary Judgment Standard

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The

party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

Federal Exhaustion Requirement

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison

3

grievance procedures were laid to rest in <u>Booth</u>." <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th

Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have

not been exhausted through available administrative remedies, those claims should be dismissed

without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to

28 U.S.C. § 1915.  <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998).  Plaintiff filed this

lawsuit *in forma pauperis*.[5]

In the instant case, the challenged order of restitution stemmed from a prison disciplinary

proceeding in which plaintiff was charged with illegally procuring government assistance.  In the

underlying disciplinary charge, Investigator Michael Harrell made the following allegations:

> On August 28, 2006, Mail Room personnel brought a letter addressed to Inmate
> Johnson to the Investigations Office, and pointed out the fact that it contained a U.S.
> Government check in the amount of $2, 358.00 that contained the notation that it was
> "Disaster Assistance".  I contacted Special Agent Roger White, Office of the
> Inspector General for the Department of Homeland Security to confirm whether this
> check constituted legal assistance to Inmate Johnson, because his Master Prison
> Record showed that he was incarcerated at the time of both Hurricanes Katrina and
> Rita.  On September 8, 2006, Special Agent White came to Rayburn Correctional
> Center and informed me that investigation by him proved that Inmate Johnson
> received three (3) checks totalling $14,749.51 in disaster assistance to which he was
> not entitled.  Special Agent White confiscated the $2,358.00 check as evidence, and
> provided a written statement stating that Federal Charges would be forthcoming by
> the U.S. Attorney for the Middle District of Louisiana in Baton Rouge.  Inmate
> Johnson is in violation of Rule 22, Theft, because he deliberately misrepresented
> himself as being entitled to disaster assistance from a hurricane while he was
> incarcerated.  Inmate Johnson is in violation of Rule 30F, General Prohibited
> Behaviors, because he organzied [sic] and/or participated in a scam or similar
> behavior to make it appear that he was entitled to disaster assistance.  As a result of
> Inmate Johnson's violations, he received three (3) checks for disaster related

---

[5]   Rec. Docs. 2 and 3.

assistance totalling $14,749.51 to which he was was not entitled.  Only one check, in the amount of #2,358.00 [sic], was recovered.  Inmate Johnson profited from this scam by receiving a total of $12,391.51 in disaster related assistance before his illegal activities were discovered.[6]

A disciplinary hearing was held, at which plaintiff was found guilty and sentenced to eight weeks loss of yard and recreation privileges and restitution in the amount of $12,391.51.  He was also sentenced to a transfer to a working cellblock; however, that punishment was suspended.[7]

Plaintiff appealed his disciplinary conviction to Warden Travis, who upheld the conviction, stating:

You pled not guilty to the above charges.  You claim that on the date of the incident, you were not in the custody of the Department of Corrections, that there is no victim of the alleged crime, and no documentation of any wrong doing.

After review of the evidence presented by the Investigations Officer, it has been determined you are guilty of theft of Federal monies and attempt to scam the Federal government.  Sufficient evidence has been presented to fulfill the requirements of guilt for the documented charges at a Louisiana correctional facility.  In compliance with the written request of an agency of the Federal government, your Inmate Banking account has been frozen and restitution has been assessed.  Your claim you were not incarcerated at the time of the theft/scam is false.  You had not been discharged by the Department of Corrections.  You were serving your sentence at a Work Release center and still very much in custody.[8]

On January 5, 2007, plaintiff submitted an appeal to the Secretary of the Louisiana Department of Public Safety and Corrections.[9]  His appeal was received on January 10, 2007, and

---

[6]   Rec. Doc. 9, manual attachment.

[7]   Rec. Doc. 9, manual attachment.

[8]   Rec. Doc. 9, manual attachment.

[9]   Rec. Doc. 9, manual attachment.

the matter was validly pending before the Secretary when plaintiff filed this federal lawsuit.[10]  On

March 21, 2007, the Secretary remanded the matter to the Warden "for further review and

disposition."[11]

Based on the evidence submitted by the parties, it is evident that plaintiff had not exhausted

his administrative remedies at the time he filed this lawsuit.  "'Exhaust' is defined as 'to take

complete advantage of (legal remedies).'"  Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998)

(quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)).  A plaintiff's administrative remedies

are not exhausted unless he has pursued the matter through *conclusion* of a multi-step administrative

procedure.  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  Clearly, at the time this

lawsuit was filed, plaintiff's appeal was pending before the Secretary of the Louisiana Department

of Public Safety and Corrections.  The prematurity of this civil action is made even more apparent

by the fact that, after filing this lawsuit, plaintiff essentially prevailed on that appeal, in that the

matter was remanded to the Warden for further review.  As of this date, the status of that remand is

unclear.  Nevertheless, even if the Court were to assume that the administrative proceedings are now

complete and that the results are still adverse to plaintiff, it would be of no moment.   The PLRA

"plainly requires that administrative remedies be exhausted *before* the filing of a § 1983 suit, rather

than while the action is pending."  Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis

in original).  In Wendell, the United States Fifth Circuit Court of Appeals noted:

---

[10]     Rec. Doc. 9, manual attachment, affidavit of Kimberly Lemaire.  The Secretary has eighty-five days to dispose of such an appeal.  La. Admin. Code tit. 22, pt. I, § 363(C)(4) (available on Westlaw).

[11]     Rec. Doc. 12.

> Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies be exhausted *before* the filing of suit should be imposed.  To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.

Id. at 890-91 (emphasis in original) (citations omitted).

Plaintiff clearly was in the midst of the administrative procedure at the time this lawsuit was filed.  To allow him to concurrently pursue a federal court challenge before the administrative review was complete would undermine the congressional intent of § 1997e(a).  The United States Supreme Court has noted:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

In light of the foregoing, the Court finds that defendant's motion should be granted.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that defendant's motion, Rec. Docs. 7 and 9, be **GRANTED** and that plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure

to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of April, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**